Daniel F. Fears, Bar No. 110573
Email: dff@paynefears.com
James R. Moss, Jr., Bar No. 196725
Email: jrm@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LOCKHART,<br><br>       Plaintiff,<br><br>vs.<br><br>DISNEY WORLDWIDE SERVICE, INC., DISNEYLAND GRAND CALIFORNIA HOTEL; and DOES 1 through 20, inclusive,<br><br>       Defendants. | Case No. **SACV 11-00953 JST (RNBX)**<br>*[Orange County Superior Court Case No. 30-2010-00410443*<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b)**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Date Filed: September 22, 2010<br>Trial Date: Not Yet Set |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant WALT DISNEY PARKS AND RESORTS U.S., INC. ("Defendant") hereby removes this action from the Superior Court of the State of

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

FILED
2011 JUN 24  PM 1:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

action from the Superior Court of the State of
California for the County of Orange to the United States
District Court for the Central District of California,
on the grounds that jurisdiction is proper under 28
U.S.C. § 1332 because it is an action between citizens
of different States in which the amount in controversy
exceeds $75,000, exclusive of interests and costs.

## PLAINTIFF'S STATE COURT ACTION

1.   On or about September 22, 2010, Plaintiff
Charlene Lockhart ("Plaintiff") filed an action in the
Superior Court of the State of California, County of
Orange, entitled "CHARLENE LOCKHART, Plaintiff, vs.
DISNEY WORLDWIDE SERVICE, INC., DISNEYLAND GRAND
CALIFORNIA HOTEL; and DOES 1 through 20, inclusive,
Defendants," Case No. 30-2010-00410443 (the
"Complaint").  Attached hereto as Exhibit "A" is a true
and correct copy of the Complaint.

2.   On or about November 29, 2010, Plaintiff
dismissed defendant Disney Worldwide Services, Inc.
Attached hereto as Exhibit "B" is a true and correct
copy of Plaintiff's Request for Dismissal Without
Prejudice, which was not served on Defendant but was
obtained from the Orange County Superior Court's
website.

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1        3.    On or about March 22, 2011, Plaintiff filed an

2   Amendment to the Complaint, substituting Defendant "Walt

3   Disney Parks and Resorts U.S., Inc." as fictitiously

4   named Doe Defendant 1.   Attached hereto as Exhibit "C"

5   is a true and correct copy of the Amendment to the

6   Complaint.

7

8        4.    On or about March 24, 2011, Plaintiff served

9   the Summons and Complaint with the Doe Amendment on

10  Defendant.   Attached hereto as Exhibit "D" is a true and

11  correct copy of the Proof of Service of the Summons and

12  Complaint.

13

14       5.    Defendant is informed and believes that it is

15  the only remaining named defendant that has been served

16  as of the date of this Petition and Notice.

17

18       6.    On or about May 9, 2011, Defendant filed and

19  served its Answer to Plaintiff's Complaint (the

20  "Answer") in Orange County Superior Court.   Attached

21  hereto as Exhibit "E" is a true and correct copy of the

22  Answer.

23

24       7.    On or about May 10, 2011, Plaintiff served on

25  Defendant a Notice of Case Management Conference

26  scheduled for May 27, 2011.   Attached hereto as Exhibit

27

28

1   "F" is a true and correct copy of the Notice of Case

2   Management Conference.

3

4       8.   On or about May 19, 2011, Defendant filed a

5   Case Management Statement.  Attached hereto as Exhibit

6   "G" is a true and correct copy of the Case Management

7   Statement.

8

9       9.   On or about May 27, 2011, Defendant served a

10  Request for Statement of Damages on Plaintiff.  Attached

11  hereto as Exhibit "H" is a true and correct copy of the

12  Request for Statement of Damages.

13

14      10.  On or about June 16, 2007, Plaintiff served a

15  Statement of Damages on Defendant.  Attached hereto as

16  Exhibit "I" is a true and correct copy of the Statement

17  of Damages.

18

19      11.  The documents attached hereto as Exhibits "A"

20  and "C" through "I" constitute the pleadings, process

21  and orders served upon or by Defendant in the State

22  Court Action.

23

24

25

26

27

28

PETITION AND NOTICE OF REMOVAL

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DIVERSITY JURISDICTION

12. Plaintiff alleges in her Complaint that she is a resident of the State of California, County of Orange. (Exhibit "A," ¶ 2).

13. Defendant Walt Disney Parks and Resorts U.S., Inc. is, and at all times relevant to the Complaint was, incorporated in the State of Florida. Additionally, Defendant's principal place of business is also located in Florida. Defendant's officers and directors' offices are located at Defendant's headquarters in Orlando, Florida, from whence Defendant's high level officers direct, control, and coordinate the corporation's activities. Indeed, Defendant performs the vast majority of its executive and administrative functions at its Orlando headquarters. Thus, Defendant's principal place of business and "nerve center" is Orlando, Florida.

14. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Defendant is (and was at the time of the filing of the Complaint) a citizen of the State of Florida.

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1      15. Although Plaintiff has purported to name

2   "Disneyland Grand California Hotel" as a defendant,

3   Plaintiff cannot state any cause of action against

4   Disneyland Grand California Hotel because the Hotel is

5   simply a hotel, and does not exist as a corporate

6   entity.  Rather, Defendant Walt Disney Parks and Resorts

7   U.S., Inc., a citizen of the State of Florida, does

8   business as "Disneyland Grand California Hotel."

9   Disneyland Grand California Hotel is therefore a "sham"

10  defendant, fraudulently joined in this case for the

11  purpose of defeating diversity jurisdiction.  *See,*

12  *Ritchey v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318-19 (9th

13  Cir. 1998) ("It is a commonplace that fraudulently

14  joined defendants will not defeat removal on diversity

15  grounds").

16

17     16. Plaintiff dismissed the other named defendant,

18  Disney Worldwide Service, Inc., on November 19, 2010.

19  (Exhibit "B").  Therefore, Defendant Walt Disney Parks

20  and Resorts U.S., Inc. is the only remaining defendant

21  in this case.

22

23     17. On June 16, 2011, Plaintiff served a Statement

24  of Damages on Defendant, in response to Defendant's

25  Request for Statement of Damages, listing general

26  damages in the amount of $500,000 and special damages in

27  the amount of $603,000, for a total of $1,103,000.

28

1 (Exhibit "I").   Thus, the amount in controversy far
2 exceeds $75,000.

3

4      18. As set forth above, complete diversity exists
5 among parties in this action, and this Court has
6 original jurisdiction under 28 U.S.C. § 1332.
7 Therefore, this action is one that Defendant can remove
8 to this Court pursuant to 28 U.S.C. § 1441(b) because it
9 is a civil action between citizens of different states
10 and the matter in controversy exceeds $75,000, exclusive
11 of interests and costs.

12

**TIMELINESS OF REMOVAL**
13
14

15      19. This Notice of Removal is timely pursuant to 28
16 U.S.C. § 1446(b).   The  Complaint does not specify any
17 monetary amount in controversy.   (Exhibit "A").
18 Plaintiff's Statement of Damages, served on Defendant on
19 June 16, 2011, alleges $1,103,000 in general and special
20 damages, making the case removable.   (Exhibit "I").
21 Thus, this Notice of Removal is timely due  because it
22 is filed within thirty (30) days of becoming removable,
23 and within one year of commencement of the action.

24

25

26

27

28

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## CONCLUSION

2

3        20.   Defendant respectfully requests that this Court

4   exercise its removal jurisdiction over this action based

5   upon the diversity of citizenship of the parties.

6

7   DATED: June 23, 2011      PAYNE & FEARS LLP

8

9

10                            By: _____

11                                   DANIEL F. FEARS
                                     JAMES R. MOSS, JR.

12
                                  Attorneys for Defendant
13                                WALT DISNEY PARKS AND RESORTS
                                  U.S., INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## INDEX OF EXHIBITS

2

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| EXHIBIT "A": | Complaint |
| EXHIBIT "B": | Request for Dismissal as to Defendant Disney Worldwide Services, Inc. |
| EXHIBIT "C": | Amendment to Complaint |
| EXHIBIT "D": | Proof of Service of Summons and Complaint |
| EXHIBIT "E": | Answer to Complaint by Defendant Walt Disney Parks and Resorts U.S., Inc. |
| EXHIBIT "F": | Notice of Case Management Conference |
| EXHIBIT "G": | Case Management Statement by Defendant Walt Disney Parks and Resorts U.S., Inc. |
| EXHIBIT "H": | Request for Statement of Damages |
| EXHIBIT "I": | Plaintiff's Statement of Damages |

4839-4763-9817, v. 1

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Disney Woldwide Sevices, Inc, Disneyland Grand California Hotel, and
Does 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Charlene Lockhart

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 22 2010

ALAN CARLSON, Clerk of the Court

BY: _S. HERRERA-WILSON_ , DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court | CASE NUMBER: *(Número del Caso):* 30-2010 00410443 |
|---|---|

700 Civic Center Drive West, Santa Ana, CA 92701
Central Justice Center

JUDGE JAMES J. DI CESARE
DEPT. C18

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Lee Gilmore, 12395 Lewis Streeet, Ste. 201, Garden Grove CA 92840  714/750-1766

| DATE: SEP 22 2010 *(Fecha)* | ALAN CARLSON | Clerk, by *(Secretario)* | SONYA HERRERA-WILSON | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe 1
   Walt Disney Parks and Resorts U.S., Inc.
3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 474
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit  Pg 9

1  LAW OFFICE OF MICHAEL LEE GILMORE
   12395 Lewis Street, Suite 201
2  Garden Grove, CA 92840
   (714) 750-1766
3  (714) 750-1884 Fax
   State Bar Number 074463
4
5  Attorney for Plaintiff
   Charlene Lockhart
6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 22 2010

ALAN CARLSON, Clerk of the Court

BY: _S. HERRERA-WILSON_ ,DEPUTY

7                                         JUDGE JAMES J. DI CESARE
                                                  DEPT. C18

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF ORANGE

10                                                    *30-2010*

11                                     CASE NO.:  0 0 4 1 0 4 4 3

12  Charlene Lockhart,            )    COMPLAINT FOR DAMAGES
                                  )
13           Plaintiff,           )    1.  DISCRIMINATION IN VIOLATION OF
                                  )        CALIFORNIA GOVERNMENT CODE §12940 ET
14  vs.                           )        SEQ.
                                  )    2.  WRONGFUL TERMINATION IN VIOLATION OF
15  Disney Worldwide Service, Inc., Disneyland Grand )        CALIFORNIA GOVERNMENT CODE §12940 ET
                                  )        SEQ.
16  California Hotel; and DOES 1 through 20, inclusive, )    3.  WRONGFUL CONSTRUCTIVE TERMINATION IN
                                  )        VIOLATION OF PUBLIC POLICY
17           Defendants.          )    4.  BREACH OF THE COVENANT OF GOOD FAITH
                                  )        AND FAIR DEALING
18                                )
19

20      Plaintiff, hereby brings her complaint against the above-named Defendants and states and alleges

21  as follows:

22                          <u>PRELIMINARY ALLEGATIONS</u>

23
24      1.  Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein

25  Defendant DISNEY WORLDWIDE SERVICES, INC., and DISNEYLAND GRAND CALIFORNIA HOTEL

26  (hereinafter "DISNEY"), was, and is, doing business in the State of California in the County of Orange.

27      2.  At all times herein mentioned, and at the time the cause of action arose, Plaintiff was an individual

28  and resident of the County of Orange, State of California, and at all relevant times was employed by

Exhibit A Pg 10

1  Defendants in the County of Orange.

2       3. Plaintiff is unaware of the true names and capacities of Defendants sued herein as 1 through 20,

3  inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an

4  amendment to this complaint alleging the true names and capacities of said fictitiously named Defendants if

5  and when such true names and capacities become known to Plaintiff.

6

7       4. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named

8  Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein

9  below.

10

11      5. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named

12  herein acted as the employee, agent, spouse, partner, alter-ego and/or joint venturer of each of the other

13  Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each

14  of said Defendants acted within the scope of said relationship and with the permission, consent and ratification

15  of each of the other Defendants named herein.

16

17      6. Hereinafter in the complaint, unless otherwise specified, reference to a Defendant or Defendants

18  shall refer to all Defendants, and each of them.

19

20      7. On or about 1982, Plaintiff and Defendant entered into a contract of employment, partially oral,

21  partially written and partially implied for an unspecified period of years in the County of Orange. Plaintiff agreed

22  to perform duties initially as a Banquet Server and then as a Food Server at Disney's Story Teller Cafe.

23  Pursuant to the terms of this agreement, among others, Plaintiff was required to be a member of a union and

24  was paid minimum wages plus tips which amounted to $47,000.00 per year with retirement benefits, life

25  insurance, medical insurance, disability insurance, and other benefits.

26

27      8. Defendant DISNEY published and promulgated written policies, procedures and guidelines. These

28  policies and guidelines were contained in an Employee Policy Manual which included policies on:

COMPLAINT FOR DAMAGES
2

Exhibit A Pg. 11

(1) Termination.

(2) Gratuities

(3) Complaints

(4) Discipline and others

9.   As a restaurant employee Plaintiff's employment was governed by an agreement between Defendant, DISNEY and Unite HERE! Local 11.

10.   The union agreement had expired in 2009 and Disney and the union had not reached a new agreement.

11.   Throughout the course of her employment, Plaintiff duly and satisfactorily performed all of the conditions and terms of her employment, except when prevented or excused from doing so by the Defendant and its managerial and executive employees.

12.   In February 2008 Plaintiff advised Defendant's management that she was being threatened and harassed by another Disney employee, Angelica Martinez.

13.   That Defendant's management did not respond to Plaintiff's concerns regarding her safety as a result of the actions of Angelica Martinez other than stating: Disney were aware of these issues and were addressing the issues.

14.   Defendant's Human Resources Department would not talk to Plaintiff regarding these issues or do anything to solve the problem.

15.   Plaintiff on her own filed an application for a restraining order with the Orange County Superior Court, and obtained a civil harassment temporary restraining order against her co-employee Angelica Martinez.

16.   Once Plaintiff obtained the temporary restraining order, Defendant's management made it clear they did not know how they could keep Angelica Martinez away from Plaintiff so that the restraining order would not be violated.

Exhibit A Pg 12

17. One of the Defendant's managers stated that Defendant "will not cater to Ms. Lockhart any longer."

18. In 2009 after the Union contract had expired Defendant retaliated against Plaintiff and other long term older employees who had seniority with the Union by taking any opportunity that presented itself to terminate those employees, including the Plaintiff.

19. In May of 2009 Disney Management called Plaintiff into the management offices and told her that there was a question of an extra zero on of the checks for one of her customers at the Story Tellers Restaurant.. It should have been $12.00 not $120.00. The transaction in question occurred sometime in April 2009 and Plaintiff had no recall of the check in question.

20. Plaintiff, when told about the error, offered to immediately repay the money since it was a computer input error.

21. Plaintiff was told that the incident had to go through channels.

22. On or about June 12, 2009 Plaintiff was again called into management offices and put on investigative leave as a result of the computer error involving the tip amount.

23. On June 16, 2009 a Union representative went with Plaintiff to the management office to talk about the incident and Plaintiff was told she was being terminated for stealing from the company after twenty-seven years with the company.

24. Plaintiff is over age forty (40).

25. Plaintiff is informed and believes Defendant's management was looking for an excuse to help get rid of Plaintiff because Plaintiff because of her age and seniority status, and because she complained about harassment by other employees of the Defendant.

26. Plaintiff contacted the union to grieve her termination, but because no formal contract was in existence between Disney and the union, no arbitration took place.

Exhibit A Pg 13

27.  Plaintiff has exhausted her administrative remedies by filing complaints with the Department of Fair Housing and Employment.  A right to sue letter was issued.

### FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940

### ET SEQ. [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

#### (Against Defendants and Does 1 through 20)

28.  Plaintiff incorporates by reference paragraphs 1 through 27 inclusive of this Complaint as if fully set forth at this place.

29.  At all times herein mentioned, California Government Code ("Code") § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

30.  At all times herein mentioned, Government Code ("Code") § 12941  was in full force and effect and was binding upon Defendants.  This sections requires Defendants to refrain from discriminating against an employee over the age of 40.  Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing in full compliance with this section and received a "Right to Sue" letter.

31.  The above said acts of Defendants constitute age discrimination in violation of public policy and in violation of Government Code §§ 12940(a) et seq. and 12941.

32.  Employees younger and with less experience than Plaintiff replaced the Plaintiff's position.

33.  Plaintiff believes and thereon alleges that her age was a factor in Defendant's decision to terminate her.  This discrimination was in violation of the public policy of the State of California, as reflected in Government Code § 12941, and has resulted in damage and injury to Plaintiff as alleged herein.

Exhibit A  Pg 14

34.  As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

35.  As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

36.  As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

#### (Against Defendant and Does 1 through 20)

37.  Plaintiff incorporates by reference paragraphs 1 through 27 inclusive of this Complaint as if fully set forth at ths place.

38.  At all times herein mentioned, California Government Code § 12940 et seq. were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons.  California Government Code § 12940(a) provides that it is unlawful for an employer, because of

Exhibit A Pg 15

1   disability, to discharge a person from employment or discriminate against them in compensation or as to the

2   terms, conditions or privileges of employment.

3
        39.  As a direct, legal and proximate result of Plaintiff's age, Defendants constructively terminated
4
5   Plaintiff.

6       40. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered

7   actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits,

8
    and the intangible loss of employment related opportunities in her field and damage to her professional
9
10  reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages

11  pursuant to Civil Code §3287 and/or §3288 and/or any other provision of law providing for prejudgment

12  interest.      41.  As a proximate result of the wrongful acts of Defendant, and each of them, Plaintiff has

13  suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

14
    as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she
15
16  will continue to experience said physical and emotional suffering for a period in the future not presently

17  ascertainable, all in an amount subject to proof at the time of trial.

18      42.  As a proximate result of the wrongful acts of Defendant, and each of them, Plaintiff has been

19  forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur

20
    attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under
21
22  Code §12965(b).

23

24                              THIRD CAUSE OF ACTION

25            WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

26
                          (Against Defendants and Does 1 through 20)
27

28      43.  Plaintiff incorporates by reference paragraphs 1 through 27 inclusive of this Complaint as if fully

    set forth at ths place.

Exhibit A Pg 16

44.  At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of age.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large.  Accordingly, the actions of defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

45.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code §3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.        46.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AS TO ALL DEFENDANTS)

47.  Plaintiff incorporates by reference paragraphs 1 through 27 of the Common Allegations of the Complaint as though fully set forth thereat.

Exhibit A Pg 17

48. Plaintiff's employment agreement with the Defendants contained an implied covenant of good faith and fair dealing by which Defendants, and each of them, promise to give full cooperation to Plaintiff in his employment performance, and to refrain from doing any act which would prevent or impede Plaintiff from performing all of the conditions of his employment, or any act that would prevent or impede Plaintiff's employment of the fruits of his employment. Specifically, the covenant of good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the terms and conditions of the employment agreement.

49. As a result of the employment relationship which existed between Plaintiff and Defendant and the express and implied promises made in connection with that relationship, and the acts, conduct and communications resulting in these implied promises, Defendant employer promised to act in good faith towards and deal fairly with Plaintiff which required among other things, that (a) Each party in the relationship must act with good faith toward the other concerning all matters relating to the employment; (b) Each party in the relationship must act with fairness toward the other concerning all matters relating to the employment; (c) Neither party would take any action to prevent the other from obtaining the benefits of the employment relationship; (d) Defendant employer would similarly treat employees who are similarly situated; (e) Defendant employer would comply with its own representations, rules, policies and procedures in dealing with Plaintiff; (f) Defendant employer would not terminate Plaintiff without a fair and honest cause regulated by good faith on Defendant employer's part; and (g) Defendant employer would not constructively terminate Plaintiff in an unfair manner; (h) Defendant employer would give Plaintiff's interest as much consideration as it gave its own interests, and (i) Defendant employer would not deny Plaintiff the right to due process.

50. Plaintiff, as an individual employee, was in an inherently unequal bargaining position in his dealings with the Defendant. In addition, Plaintiff entrusted her entire major livelihood to the Defendant's willingness to perform their obligations under the terms of employment, and she risked suffering grave harm if Defendants failed to perform. Defendants were aware of Plaintiff's vulnerability in this regard.

51. Defendant's termination of the Plaintiff's employment was wrongful, in bad faith, arbitrary and

Exhibit A Pg 18 

1   unfair, and therefore, in breach of said covenant, that Plaintiff was constructively terminated on the pretext that

2   she improperly took a gratuity to which she was not entitled, when Defendants knew there was no just cause

3   and that similar mistakes by other employees did not result in termination. Plaintiff was terminated for reasons

4

5   extraneous to the employment agreement, without good or sufficient cause, in violation of the Defendant's

6   policy to deal consistently and fairly with its employees, and for the purpose of frustrating Plaintiff's enjoyment

7   of the benefits of her employment with Defendants, and as part of a systematic policy to terminate employees

8   while they were not covered by the union contract and did not have effective union representation.

9
       52. Plaintiff restates and incorporates by reference the damage allegations in Paragraphs 40 and 41
10
     of the Second Cause of Action of the Complaint on file herein as though fully set forth hereat.
11

12        WHEREFORE, Plaintiff prays for judgment as follows:

13        1. For general damages in an amount within the jurisdictional limits of this Court;

14
          2. For medical expenses and related items of expense, according to proof;
15

16        3. For loss of earnings, according to proof;

17        4. For attorneys' fees according to proof;

18
          5. For prejudgment interest, according to proof;
19

20        6. For costs of suit incurred herein; and

21        7. For such other relief as the Court may deem just and proper.

22   Dated: September 20, 2010

23

24                                           MICHAEL LEE GILMORE
                                             Attorney for Plaintiff,
25                                           Charlene Lockhart

26

27

28

                          COMPLAINT FOR DAMAGES

                                                        Exhibit A Pg 19

9-22-10

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Lee Gilmore<br>12395 Lewis Street, Suite 201<br>Garden Grove, CA 92840<br>Bar No. 074463 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER |

TELEPHONE NO.: 714/750-1766        FAX NO.: 714/750-1884
ATTORNEY FOR *(Name):* Plaintiff, Charlene Lockhart

SEP 22 2010

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON , DEPUTY

CASE NAME:
Charlene Lockhart v. Disney Worldwide Services, Inc., et. al.

CASE NUMBER:
30-2010
**00410443**

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

JUDGE JAMES J. DI CESARE
DEPT. C18

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 3.400–3.403)* |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):*  Four

5. This case ☐ is   ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 20, 2010
Michael Lee Gilmore
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A Pg 20



## SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**
**Court Local Rules are located at www.occourts.org**

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C11 | BANKS 657-622-5211 | Friday 1:30 p.m. | Daily 8:45 a.m. | Noon | 3:00 p.m. | Yes | Call (657) 622-5211 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. Counsel must reserve Ex Parte hearings with the courtroom by calling (657) 622-5211 and supply whatever information may be requested. |
| C20 | CHAFFEE 657-622-5220 | Friday 9:30 a.m. | Daily 1:30 p.m. | None | Noon | Yes 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT |
| C15 | FIRMAT 657-622-5215 | Thursday 3:00 p.m. | Daily 1:30 p.m. | Not required | 11:00 a.m. | Yes | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. |
| C18 | DI CESARE 657-622-5218 | Thursday 1:30 p.m. | M,T,W,F 1:30 p.m. | Noon | 4:30 P.M. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes 3:00 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C22 | FELL 657-622-5222 | Wednesday 10:00 a.m. Motions must be reserved prior to filing by calling 657-622-5222. | Daily 8:30 a.m. | Not required | 2:00 p.m | Yes 4:30 p.m. the day before | Moving party must submit on moving papers unless the court invites oral argument. Oral argument will be heard on the hearing date. Oppositions must be in writing but may be hand written if presented at the time of appearance. |
| C9 | GASTELUM 657-622-5209 | Tuesday 2:00 p.m. | M,T,W,TH 1:30 p.m. | Noon | 10:00 a.m. day of hearing | | |

Exhibit A Pg 21

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

Exhibit A Pg 22

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Exhibit A Pg 23

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

  **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

  **Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

  **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

  **Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

Exhibit A Pg 24

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

*To locate a dispute resolution program or neutral in your community:*
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

Exhibit A Pg 25

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this *Stipulation* or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
                  (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                  (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                        California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

Exhibit  Pg 26

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>NEUTRAL SELECTION AND PARTY LIST**<br>☐ **Arbitration** ☐ **Mediation** ☐ **Neutral Evaluation** | CASE NUMBER: |

### (ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION, AND FILE IT WITH THE COURT.)

## ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel. For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding. In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate. The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

Exhibit _A_ Pg 27

| Short Title: | Case Number: |
|---|---|

### PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____ 2._____ 3._____ 4._____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers.   Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

Exhibit ___ Pg 28

RECEIVED

MAR 2 5 2011

ED NOWAK'S OFFICE

# LEGAL DOCUMENT LOG

| RECEIVED: | DATE: | | TIME: | | HOW : | |
|---|---|---|---|---|---|---|
| IF SERVED: | DATE:   3/24/2011 | | TIME: 4:26PM | | HOW : PERSONAL SERVICE | |
| IF ACCEPTED: | BY:  Diane Austin | | | ON BEHALF OF: | WALT DISNEY PARKS AND RESORTS U.S., INC. | |

| SUBJECT: | CHARLENE LOCKHART<br><br>VS.<br><br>DISNEY WORLDWIDE SERVICES, INC., DISNEYLAND GRAND CALIFORNIA HOTEL, AND DOES 1 THROUGH 20, INCLUSIVE |
|---|---|
| CASE NUMBER: | 30-2010 00410443 |
| COURT: | ORANGE COUNTY SUPERIOR COURT |
| TYPE OF DOCUMENT: | SUMMONS / COMPLAINT |
| LAW FIRM  OR ATTORNEY: | MICHAEL LEE GILMORE |

| ROUTED TO:<br>CC: | Ed Nowak | DATE:       3/24/11 |
|---|---|---|

| COMMENTS: | |
|---|---|

Exhibit A Pg 29

EXHIBIT "B"

11/29/2010  11:08   171475   84                                                PAGE  03/04

Nov-24-2010 12:19 PM DISNEY 1-714-781-1212                                      3/4

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Lee Gilmore, State Bar No. 074463<br>12395 Lewis Street, Suite 201<br>Garden Grove, California 92840 | |

TELEPHONE NO: 714-750-1766    FAX NO. (Optional) 714-750-1884

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff, Charlena Lockhart

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 29 2010

ALAN CARLSON, Clerk of the Court
ₓ. Fuentes
BY  L. FUENTES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE Santa Ana, California 92701
BRANCH NAME Central Justice Center

PLAINTIFF/PETITIONER: Charlene Lockhart

DEFENDANT/RESPONDENT: Disney Worldwide Services, Inc.,
Disneyland Grand California Hotel and Does 1-20

REQUEST FOR DISMISSAL

- [X] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle  [X] Other
- [ ] Family Law    [ ] Eminent Domain
- [ ] Other (specify):

CASE NUMBER:
30-2010-00410443

• A conformed copy will not be returned by the clerk unless a method of return is provided with the document. •

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice  (2) [X] Without prejudice
   b. (1) [X] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                          on (date):
      (4) [ ] Cross-complaint filed by (name):                          on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):* As to Disney Worldwide Services, Inc. only

2. (Complete in all cases except family law cases.)
   [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed.)

Date: 11/29/10

Michael Lee Gilmore
(TYPE OR PRINT NAME OF [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

                                                    (SIGNATURE)
Attorney or party without attorney for:
[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

   Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

                                                    (SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - Complainant

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(To be completed by clerk.)
4. [X] Dismissal entered as requested on (date): NOV 29 2010
5. [ ] Dismissal entered on (date):                              as to only (name):
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed  [ ] means to return conformed copy

   Date: NOV 29 2010        ALAN CARLSON        Clerk, by _____, Deputy

Form Adopted NOV 29 2010
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal Rules of Court, rule 3.1390

Legal
Solutions
Plus

Page 1 of 2

Exhibit B Pg 30

Nov-29-2010 10:05 AM   17147501994      4/4
11/29/2010  11:08  171475█94              · ·  ·          PAGE  04/04
Nov-24-2010 12:19 PM DISNEY 1-714-781-1212                           4/4

CIV-110

| PLAINTIFF/PETITIONER: Charlene Lockhart | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Disney Worldwide Services, Inc., Disneyland Grand California Hotel | 30-2010-00410442 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1.  The court waived fees and costs in this action for *(name)*:

2.  The person in item 1 *(check one)*:
    a. ☐  is not recovering anything of value by this action.
    b. ☐  is recovering less than $10,000 in value by this action.
    c. ☐  is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3.  ☐  All court fees and costs that were waived in this action have been paid to the court *(check one)*:  ☐ Yes  ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶

_____        _____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY MAKING DECLARATION)                (SIGNATURE)


Exhibit B  Pg 31

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I declare that I am employed in the County of Orange, California.  I am over the age of eighteen years and not a party to the within action; my business address is 700 W. Ball Road, Anaheim, California 92802.

     On November 29, 2010, I served by placing a true and correct copy of the within REQUEST FOR DISMISSAL in a sealed envelope and placing in the mail for handling by Disneyland Resort Mail Center employees as follows:

     Michael Lee Gilmore, Esq.
     12395 Lewis Street, Suite 201
     Garden Grove, CA 92840

     I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct.  Executed on November 29, 2010, at Anaheim, California.

VICTORIA PILLEJERA

Exhibit B Pg. 32

# EXHIBIT "C"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Michael Lee Gilmore, Esq.<br>12395 Lewis Street, Ste. 201<br>Garden Grove, CA  92840<br><br>Telephone No.: 714/750-1766          Fax No. (Optional):  714/750-1884<br>E-Mail Address (Optional): gilmorelaw@sbcglobal.net<br>ATTORNEY FOR (Name):  Plaintiff                        Bar No:  074463 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>**MAR 22 2011**<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY  T. TALLABAS |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
☐ Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West - 8141 13th Street, Westminster, CA 92683-4593

| PLAINTIFF:  Charlene Lockhart<br><br>DEFENDANT:  Disney Worldwide Services, Inc., et. al. | CASE NUMBER:<br>30-2010 00410443 |
|---|---|
| **AMENDMENT TO ☑ COMPLAINT ☐ CROSS-COMPLAINT** | Case assigned to:<br>Judge:  James J. DiCesare<br>Department:  C18<br>Date complaint filed:  September 22, 2010<br>Hearing/trial date: |

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☑ Doe  1     ☐ Roe _____ to be  Walt Disney Parks and Resorts U.S., Inc.

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:  March 22, 2011

Michael Lee Gilmore                                                 (SIGNATURE OF PARTY OR ATTORNEY)
(TYPE OR PRINT NAME)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as _____

I have discovered the true name of the party to be _____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____                                           _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____                                             _____
                                                                  JUDICIAL OFFICER

| Approved for Optional Use<br>L-0132 (Rev. July 1, 2008) | **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT** | Code of Civil Procedure,<br>§§ 473, 474 |
|---|---|---|

Exhibit C Pg 33

EXHIBIT "D"

# LEGAL DOCUMENT LOG

**RECEIVED**
MAR 2 5 2011
ED NOWAK'S OFFICE

| | |
|---|---|
| **RECEIVED:** | **DATE:**            **TIME:**            **HOW :** |
| **IF SERVED:** | **DATE:**   3/24/2011      **TIME: 4:26PM**      **HOW :**  PERSONAL SERVICE |
| **IF ACCEPTED:** | **BY:**  Diane Austin            **ON BEHALF OF:**   WALT DISNEY PARKS AND RESORTS U.S., INC. |
| **SUBJECT:** | CHARLENE LOCKHART<br><br>VS.<br><br>DISNEY WORLDWIDE SERVICES, INC., DISNEYLAND GRAND CALIFORNIA HOTEL, AND DOES 1 THROUGH 20, INCLUSIVE |
| **CASE NUMBER:** | 30-2010 00410443 |
| **COURT:** | ORANGE COUNTY SUPERIOR COURT |
| **TYPE OF DOCUMENT:** | SUMMONS / COMPLAINT |
| **LAW FIRM  OR ATTORNEY:** | MICHAEL LEE GILMORE |
| **ROUTED TO:**<br>CC: | Ed Nowak            **DATE:**        3/24/11 |
| **COMMENTS:** | |



Exhibit D Pg 34

EXHIBIT "E"

1  Daniel F. Fears, Bar No. 110573
   E-Mail: dff@paynefears.com
2  James R. Moss, Bar No. 196725
   E-Mail: jrm@paynefears.com
3  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
4  Irvine, California 92614
   Telephone: (949) 851-1100
5  Facsimile: (949) 851-1212

6

7  Attorneys for Defendant
   WALT DISNEY PARKS AND RESORTS U.S., INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF ORANGE

10

11  CHARLENE LOCKHART,                    CASE NO. 30-2010-00410443

12            Plaintiff,                  Assigned for all Purposes to the
                                          Honorable James J. Di Cesare
13       v.                               Department C18

14  DISNEY WORLDWIDE SERVICES, INC.,      **ANSWER TO COMPLAINT BY WALT**
    GRAND CALIFORNIA HOTEL; and DOES 1    **DISNEY PARKS AND RESORTS U.S.,**
15  through 20, inclusive,                **INC.**

16            Defendants.
                                          Date Action Filed:  September 22, 2010
17                                        Trial Date:         None Set

18

19

20                            **GENERAL DENIAL**

21          Defendant WALT DISNEY PARKS AND RESORTS U.S., INC. ("Defendant"),

22  denies generally and specifically, each and every allegation of the unverified Complaint (the

23  "Complaint") pursuant to Section 431.30 of the California Code of Civil Procedure.  Defendant

24  further denies, generally and specifically, that Plaintiff Charlene Lockhart ("Plaintiff") is entitled

25  to any relief or that Plaintiff has suffered damages in the amount prayed, or at all, by reason of any

26  act or omission on the part of Defendant, or on the part of any agent or employee of Defendant.

27

28                                              Exhibit E Pg 35

                        ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant further asserts the following separate and additional defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Good Faith Belief)

2.     Any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them.

### THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

3.     Plaintiff's Complaint and each alleged cause of action contained therein are barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 335.1, 338 subdivision (a), 340, and 343, and California Government Code sections 12960 subdivision (d) and 12965 subdivision (b), to the extent that Plaintiff has stated valid claims to which those provisions apply.

Exhibit E, 36

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

4.          Plaintiff has failed to mitigate any damages allegedly caused to her by virtue of the acts in which Defendant allegedly engaged.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.          Plaintiff's Complaint and each alleged cause of action contained therein are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.          Plaintiff's Complaint and each alleged cause of action contained therein are barred by the doctrine of "unclean hands" because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.          Plaintiff's Complaint and each alleged cause of action contained therein are barred by virtue of Plaintiff's own course of conduct which constitutes a waiver of her claims.

ANSWER TO COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.      Plaintiff's Complaint and each alleged cause of action contained therein are barred by the doctrine of estoppel by virtue of Plaintiff's own conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Justification)

9.      Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to engage in and continue its business activities.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

10.      Plaintiff's Complaint and each alleged cause of action contained therein are barred by Plaintiff's failure to exhaust internal remedies available to her as an employee of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

11.      Plaintiff's prayers for general damages, special damages, punitive and exemplary damages are barred because such damages, if any, were not the result of acts, representations or omissions of Defendant or its agents, or any of them.

## TWELFTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy of Workers' Compensation)

12.     Plaintiff's Complaint and each alleged cause of action contained therein are barred by the exclusive remedies provided in the California Workers' Compensation Act, Cal. Labor Code section 3600, *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unavailable)

13.     Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege legal claims or facts sufficient to state a claim for punitive or exemplary damages, or to show that Defendant engaged in oppressive, fraudulent or malicious conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Recoverable Against Corporate Defendant)

14.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint on the grounds that Defendant regularly engaged and continues to engage in good faith efforts to prevent discrimination, harassment and retaliation in the workplace, and that the acts alleged in the Complaint, if committed by anyone, were not committed by an officer, director or managing agent of Defendant, nor were they authorized or ratified by an officer, director or managing agent, nor did Defendant, its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendant employ the employees with a conscious disregard of the rights or safety of others.

ANSWER TO COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Utilize Policy / Doctrine of Avoidable Consequences)

15.     Plaintiff's Complaint and each alleged cause of action contained therein are barred, in whole or in part, because Defendant at all relevant times exercised reasonable care to prevent or correct any allegedly unlawful behavior in the workplace, including any alleged discrimination and harassment, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, and failed to request and/or accept reasonable accommodation for any alleged disability, or to avoid harm otherwise.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies/Lack of Jurisdiction)

16.     Plaintiff's Complaint and each alleged cause of action contained therein are barred, and the Court lacks jurisdiction over Plaintiff's Complaint and claims, as a result of Plaintiff's failure to timely exhaust her administrative remedies before the Unites States Equal Employment Opportunity Commission and/or the California Department of Fair Employment and Housing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

17.     Defendant is not liable for damages because if any person engaged in intentional, willful or unlawful conduct as alleged in Plaintiff's Complaint, she or she did so without the knowledge, authorization or ratification of Defendant.

IRVINE, CA 92614
(949) 851-1100

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Causation by Plaintiff)

18.      Plaintiff's Complaint and each alleged cause of action contained therein are barred because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Decision Based On Legitimate, Non-Discriminatory and Non-Retaliatory Business Reason)

19.      Plaintiff's Complaint and each alleged cause of action contained therein are barred on the grounds that any decisions made by Defendants were reasonably based on legitimate, non-discriminatory and non-retaliatory business reasons that did not violate public policy or any statutory prohibition.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Treatment No Different in the Absence of Discriminatory or Retaliatory Motive)

20.      Plaintiff's Complaint and each alleged cause of action contained therein are barred on the grounds that even assuming, *arguendo*, that any discriminatory or retaliatory motive existed, which it did not, Plaintiff would have been treated no differently in the absence of such discriminatory motive.

Exhibit E Pg 41

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Bad Faith and Frivolous Action)

21.    The Complaint and each alleged cause of action contained therein are frivolous and were brought in bad faith, and by reason of the conduct stated herein, Defendant is entitled to, and may seek, reasonable expenses, including attorneys' fees, incurred in defending ther action pursuant to the California Code of Civil Procedure, Section 128.5.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Damages Not Result of Actions or Omissions of Defendant)

22.    Plaintiff's prayer for general damages, special damages, punitive and exemplary damages regarding each cause of action contained in the Complaint is barred because such damages, if any, were not the result of acts, representations or omissions of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Garmon Preemption)

23.    The Complaint and each alleged cause of action contained therein is preempted pursuant to *San Diego Building Trades v. Garmon*, 359 U.S.C. 236, 79 S.Ct. 773 (1959) and 29 U.S.C. section 158.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That the Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit herein;

IRVINE, CA 92614
(949) 851-1100

-7-

Exhibit ____ Pg. 42

4.     That Defendant be awarded its reasonable attorneys' fees as determined by the Court; and

5.     For such other and further relief as the Court may deem just and proper.

DATED: May 9, 2011           PAYNE & FEARS LLP

By:_____
          DANIEL F. FEARS
          JAMES R. MOSS, JR.

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

4851-4155-8537.1

IRVINE, CA 92614
(949) 851-1100

-8-
ANSWER TO COMPLAINT

Exhibit 9 au 43

1

## PROOF OF SERVICE

2

Lockhart v. Disneyland International, Inc., et al.

3

STATE OF CALIFORNIA, COUNTY OF ORANGE

4

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

5

6

    On May 9, 2011, I served the following document(s) described as **ANSWER TO COMPLAINT BY WALT DISNEY PARKS AND RESORTS U.S., INC.** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

7

8

| | |
|---|---|
| MICHAEL LEE GILMORE, ESQ.<br>LAW OFFICE OF MICHAEL LEE<br>GILMORE<br>12395 LEWIS STREET, STE. 201<br>GARDEN GROVE, CA 92840<br>T. 714.750.1766<br>F. 714.750.1844 | Attorneys for Plaintiff CHARLENE<br>LOCKHART |

9

10

11

12

☒  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

13

14

15

16

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

    Executed on May 9, 2011, at Irvine, California.

18

19

GINA M. SQUITIERI

20

4821-8568-9097.1

21

22

23

24

25

26

27

28

4 PARK PLAZA, SUITE 1100<br>IRVINE, CA 92614<br>(949) 851-1100

EXHIBIT "F"

1   LAW OFFICE OF MICHAEL LEE GILMORE
2   12395 Lewis Street, Suite 201
    Garden Grove, CA  92840
3   (714) 750-1766
    (714) 750-1884 Fax
4   State Bar Number 074463

5
    Attorney for Plaintiff,
6   CHARLENE LOCKHART

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF ORANGE

10                              CENTRAL JUSTICE

11

12

13  CHARLENE LOCKHART,                )   CASE NO.:   -30-2010-00410443
                                      )               CU-WT-CJC
14           Plaintiff,               )
                                      )   NOTICE OF CASE MANAGEMENT
15        v.                          )   CONFERENCE
                                      )
16  DISNEY WORLDWIDE SERVICES,        )   Date: May 27, 2011
                                      )   Time: 9:00 a.m.
17           Defendants.              )   Dept.: C18
                                      )
18                                    )

19  TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

20        NOTICE IS HEREBY GIVEN that the court has scheduled Case Management Conference

21  in the above-captioned matter for May 27, 2011, at 9:00 a.m., in Department C-18 of the entitled

22  Orange County Superior Court, located at 700 Civic Center Drive West, Santa Ana, California

23

24  92701.

25  Dated: May 10, 2011

26

27                                    MICHAEL LEE GILMORE
                                      Attorney for Plaintiff,
28                                    CHARLENE LOCKHART

                    NOTICE OF CASE MANAGEMENT CONFERENCE

                                                    Exhibit F  Pg. 45

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and an not a party to the within action. I am an employee of or agent for THE LAW OFFICES OF MICHAEL LEE GILMORE, whose address is 12395 Lewis Street, Suite #201, Garden Grove, California 92840.

On the date set forth below, I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFEREMCE** on the following interested parties in this action in the manner set forth below:

**DANIEL F. FEARS**
**JAMES R. MOSS**
**PAYNE & FEARS LLP**
**4 PARK PLAZA, Suite 1100**
**IRVINE , CA 92614**

[X]   BY U.S. REGULAR MAIL: I placed a true copy of the above-named document enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Garden Grove, California, addressed as noted above. (C.C.P. §1013(a)). I am "readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Garden Grove, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   OVERNIGHT DELIVERY: I caused a true copy of each documents, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by FEDERAL EXPRESS. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of THE LAW OFFICE OF MICHAEL LEE GILMORE's business practice, the documents (s) described above will be deposited in a box regularly maintained by FEDERAL EXPRESS. (C.C.P. §1013(c)).

[ ]   DELIVERY SERVICE: I placed a true copy of the above named document(s) enclosed in a sealed envelope and caused such envelope to be delivered to the person named thereon at the office of the addressees named above by an authorized employee of ORANGE COURIER.

[ ]   BY PERSONAL SERVICE: I delivered each such documents by hand to each addressee named above.

[ ]   BY FACSIMILE: By use of facsimile machine, telephone number 714-750-1884, I served a copy of the within document (s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error and the transmission report was properly issued by the transmitting facsimile machine. (C.C.P. §1013(e)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on MAY 10 , 2011 at Garden Grove, California.

MICHAEL LEE GILMORE

Exhibit F Pg 46

EXHIBIT "G"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Daniel F. Fears, SBN 110573
James R. Moss, Jr., SBN 196725
Payne & Fears LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614
   TELEPHONE NO.: 949.851.1100   FAX NO. *(Optional)*: 949.851.1212
  E-MAIL ADDRESS *(Optional)*:
  ATTORNEY FOR *(Name)*: Deft Walt Disney Parks and Resorts
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
  STREET ADDRESS: 700 Civic Center Drive West
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, CA 92701
  BRANCH NAME: Central Justice Center

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 19 2011

ALAN CARLSON, Clerk of the Court

BY: _____ A. RINCON _____, DEPUTY

PLAINTIFF/PETITIONER: CHARLENE LOCKHART

DEFENDANT/RESPONDENT: DISNEY WORLDWIDE SERVICE, INC.,
DISNEYLAND GRAND CALIFORNIA HOTEL; etc.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE**    [ ] **LIMITED CASE** <br> (Amount demanded     (Amount demanded is $25,000 <br> exceeds $25,000)       or less) | 30-2010-00410443 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: May 27, 2011    Time: 9:00am    Dept.: C18    Div.:    Room:
Address of court *(if different from the address above)*:

[ ] Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

**Party or parties** *(answer one)*:
a. [X] This statement is submitted by party *(name)*: Deft Walt Disney Parks and Resorts U.S., Inc.
b. [ ] This statement is submitted jointly by parties *(names)*:

**Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
a. The complaint was filed on *(date)*:
b. [ ] The cross-complaint, if any, was filed on *(date)*:

**Service** *(to be answered by plaintiffs and cross-complainants only)*
a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
b. [ ] The following parties named in the complaint or cross-complaint
  (1) [ ] have not been served *(specify names and explain why not)*:
  (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
  (3) [ ] have had a default entered against them *(specify names)*:
c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

**Description of case**
a. Type of case in [X] complaint  [ ] cross-complaint  *(Describe, including causes of action)*:
   Discrimination in violation of California Government Code Section 12940 et
   seq.; Wrongful termination in violation of Calfiornia Goverment Code Section
   12940 et. seq.; Wrongful Constructive Termination in Violation of of Public
   Policy; Breach of the Covenant of Good Faith and Fair Dealing

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]
**CASE MANAGEMENT STATEMENT**
Legal
Solutions
Plus
Cal. Rules of Court,
rules 3.720–3.730

Exhibit G  Pg 47

CM-110

| PLAINTIFF/PETITIONER:   CHARLENE LOCKHART | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   DISNEY WORLDWIDE SERVICE, INC., DISNEYLAND GRAND CALIFORNIA HOTEL; etc. | 30-2010-00410443 |

b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that her employment was terminated because she complained to Disneyland management that she had been harassed by a co-worker, and because she had seniority with her Union.  Defendant denies Plaintiff's allegations, and contends that Plaintiff's employment was terminated because she violated Disneyland policy by altering a guest's check to augment the tip she received.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**Jury or nonjury trial**
The party or parties request ☐ a jury trial. ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

**Trial date**
a. ☐   The trial has been set for *(date):*
b. ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Trials:  5/11/11,  5/24/11, 7/12/11 7/19/11, 8/29/11, 9/13/11, 9/14/11, 9/19/11, 10/18/11, 11/7/11, 11/14/11, 11/28/11, 1/17/12. <u>Mediation</u>:  6/1/11.
Arbitration:  4/18/11

**Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒   days *(specify number):*
b. ☐   hours (short causes) *(specify):*

**Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

**Preference**
☐   This case is entitled to preference *(specify code section):*

**Alternative Dispute Resolution (ADR)**
a.   Counsel ☒ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐   The case has gone to an ADR process *(indicate status):*

Exhibit G Pg 48

**CM-110**

| PLAINTIFF/PETITIONER:   CHARLENE LOCKHART | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   DISNEY WORLDWIDE SERVICE, INC., DISNEYLAND GRAND CALIFORNIA HOTEL; etc. | 30-2010-00410443 |

0. d.   The party or parties are willing to participate in *(check all that apply):*
   - (1)  [X]  Mediation
   - (2)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   - (3)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   - (4)  [ ]  Binding judicial arbitration
   - (5)  [ ]  Binding private arbitration
   - (6)  [ ]  Neutral case evaluation
   - (7)  [ ]  Other *(specify):*

   e.  [ ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f.  [ ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g.  [ ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

1. **Settlement conference**

   [ ]  The party or parties are willing to participate in an early settlement conference *(specify when):*

2. **Insurance**
   a.  [ ]  Insurance carrier, if any, for party filing this statement *(name):*
   b.  Reservation of rights:  [ ] Yes  [ ] No
   c.  [ ]  Coverage issues will significantly affect resolution of this case *(explain):*

3. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [ ] Bankruptcy    [ ] Other *(specify):*
   Status:

4. **Related cases, consolidation, and coordination**
   a.  [ ]  There are companion, underlying, or related cases.
      (1)  Name of case:
      (2)  Name of court:
      (3)  Case number:
      (4)  Status:
      [ ]  Additional cases are described in Attachment 14a.
   b.  [ ]  A motion to  [ ] consolidate  [ ] coordinate  will be filed by *(name party):*

5. **Bifurcation**
   [ ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

6. **Other motions**
   [X]  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Defendant may bring discovery motions as needed and reserves the ability to bring a motion for summary judgment based upon the outcome of discovery.

CM-110

| PLAINTIFF/PETITIONER:   CHARLENE LOCKHART | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   DISNEY WORLDWIDE SERVICE, INC.,<br>DISNEYLAND GRAND CALIFORNIA HOTEL; etc. | 30-2010-00410443 |

7. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Deft Walt Disney Parks and Resorts | Plaintiff's Deposition | August 2011 |
| Deft Walt Disney Parks and Resorts | Written Discovery | November 2011 |
| Deft Walt Disney Parks and Resorts | Third Party and Expert Discovery | February 2012 |

   c. ☐ The following discovery issues are anticipated *(specify)*:

8. **Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

9. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

10. **Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. Total number of pages attached *(if any)*: _ -0- _

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  May 18, 2011

James R. Moss, Jr.
_____
(TYPE OR PRINT NAME)

▶ _____
            (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
            (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit G Pg 50

## PROOF OF SERVICE

Lockhart v. Disneyland International, Inc., et al.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On May 18, 2011, I served the following document(s) described as **CASE MANAGEMENT STATEMENT** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

MICHAEL LEE GILMORE, ESQ.          Attorneys for Plaintiff CHARLENE
LAW OFFICE OF MICHAEL LEE          LOCKHART
GILMORE
12395 LEWIS STREET, STE. 201
GARDEN GROVE, CA  92840
T. 714.750.1766
F.  714.750.1844

☒    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 18, 2011, at Irvine, California.

GINA M. SQUITIERI

4821-8568-9097.1

EXHIBIT "H"

1   Daniel F. Fears, Bar No. 110573
    E-Mail: dff@paynefears.com
2   James R. Moss, Bar No. 196725
    E-Mail: jrm@paynefears.com
3   PAYNE & FEARS LLP
    4 Park Plaza, Suite 1100
4   Irvine, California 92614
    Telephone: (949) 851-1100
5   Facsimile: (949) 851-1212

6   Attorneys for Defendant
    WALT DISNEY PARKS AND RESORTS U.S., INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF ORANGE/CENTRAL JUSTICE CENTER

10

11  CHARLENE LOCKHART,                    CASE NO. 30-2010-00410443

12          Plaintiff,                    Assigned for all Purposes to the
                                          Honorable James J. Di Cesare
13       v.                               Department C18

14  DISNEY WORLDWIDE SERVICE, INC.;       **REQUEST FOR STATEMENT OF**
    DISNEYLAND GRAND CALIFORNIA           **DAMAGES**
15  HOTEL; and DOES 1 through 20, inclusive,
                                          Date Action Filed: September 22, 2010
16          Defendants.                   Trial Date:        Not Yet Set

17

18

19      TO PLAINTIFF CHARLENE LOCKHART AND HIS COUNSEL OF RECORD:

20

21          Pursuant to California Code of Civil Procedure § 425.11, Defendant Walt Disney Parks

22  and Resorts US, Inc. hereby demands that Plaintiff Charlene Lockhart provide a statement setting

23  forth the nature and amount of damages being sought in this action within fifteen (15) days from

24  the date set forth on the Proof of Service attached to this document.

25

26

27

28

_REQUEST FOR STATEMENT OF DAMAGES_                           Exhibit H Pg 52

1    DATED:  May 26, 2011                    PAYNE & FEARS LLP

2

3                                            By:_____
                                                       DANIEL F. FEARS
4                                                      JAMES R. MOSS, JR.

5                                            Attorneys for Defendant
                                             WALT DISNEY PARKS AND RESORTS U.S.,
6                                            INC.

7

8        4850-0040-0649.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit H Pg 53

4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**PROOF OF SERVICE**

*Charlene Lockhart  vs. Disney Worldwide Services, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

      On May 27, 2011, I served the following document(s) described as **REQUEST FOR STATEMENT OF DAMAGES** in this action by placing the original thereof enclosed in sealed envelopes as follows:

| | |
|---|---|
| Michael Lee Gilmore, Esq. | Attorneys for Plaintiff |
| Law Office of Michael Lee Gilmore | CHARLENE LOCKHART |
| 12395 Lewis Street | |
| Suite 201 | |
| Garden Grove, California 92840 | |
| Telephone:  (714) 750-1766 | |
| Facsimile:  (714) 750-1884 | |

☐  **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

☒  **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelopes addressed to the office of the addressee(s) listed above or on attached sheet, at the Orange County Superior Court, Department C18, 700 Civic Center Drive West, Santa Ana, CA 92701.

☐  **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on May 27, 2011, at Irvine, California.

*Rachel Warren*
RACHEL WARREN

4823-7489-5369.1

Exhibit H Pg 54

EXHIBIT "I"

**- DO NOT FILE WITH THE COURT-**

**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Michael Lee Gilmore<br>12395 Lewis Street, Suite 201<br>Garden Grove, CA  92840<br>Bar No. 074463<br>TELEPHONE NO.: 714/750-1766<br>ATTORNEY FOR (name):  Plaintiff, Charlene Lockhart | FOR COURT USE ONLY<br>**RECEIVED**<br>JUN 17 2011<br>**PAYNE & FEARS** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS:  700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE:  Santa Ana, CA  92701
BRANCH NAME:  Central Justice Center

PLAINTIFF:  Charlene Lockhart
DEFENDANT:  Disney

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER:
30-2010-00410443

To (name of one defendant only): Walt Disney Parks and Resorts U.S., Inc.
Plaintiff (name of one plaintiff only): Charlene Lockhart
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**
a. ☐ Pain, suffering, and inconvenience ............................................ $
b. ☑ Emotional distress. ...................................................................... $ 500,000
c. ☐ Loss of consortium ...................................................................... $
d. ☐ Loss of society and companionship (wrongful death actions only) ............ $
e. ☐ Other (specify) .......................................................................... $
f. ☐ Other (specify) .......................................................................... $
g. ☐ Continued on Attachment 1.g.

**2. Special damages**
a. ☑ Medical expenses (to date) ......................................................... $ 4,000
b. ☑ Future medical expenses (present value) ...................................... $ 70,000
c. ☑ Loss of earnings (to date) ........................................................... $ 94,000
d. ☑ Loss of future earning capacity (present value) ............................. $ 235,000
e. ☐ Property damage ........................................................................ $
f. ☐ Funeral expenses (wrongful death actions only) ............................. $
g. ☐ Future contributions (present value) (wrongful death actions only) ......... $
h. ☐ Value of personal service, advice, or training (wrongful death actions only) ...... $
i. ☑ Other (specify)  Loss of Benefits ................................................ $ 200,000
j. ☐ Other (specify) .......................................................................... $
k. ☐ Continued on Attachment 2.k.

**3.** ☐ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $
when pursuing a judgment in the suit filed against you.

Date:  June 16, 2011

Michael Lee Gilmore
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov


Exhibit I Pg 55

CIV-050

| PLAINTIFF: Charlene Lockhart | CASE NUMBER: |
|---|---|
| DEFENDANT: Disney | 30-2010-00410443 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [✓] Statement of Damages [ ] Other *(specify):*

   b. on *(name):*

   c. by serving [ ] defendant [ ] other *(name and title or relationship to person served):*

   d. [ ] by delivery [ ] at home [ ] at business
      (1) date:
      (2) time:
      (3) address:

   e. [✓] by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. [ ] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. [ ] **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. [ ] Other *(specify code section):*
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [ ] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [ ] Not a registered California process server
   e. [ ] Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

CIV-050 [Rev. January 1, 2007]

**PROOF OF SERVICE**
**(Statement of Damages)**

Page 2 of 2
Code of Civil Procedure §§ 425.11, 425.115

Exhibit I Pg 56



## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and an not a party to the within action. I am an employee of or agent for THE LAW OFFICES OF MICHAEL LEE GILMORE, whose address is 12395 Lewis Street, Suite #201, Garden Grove, California 92840.

On the date set forth below, I served the foregoing document described as **STATEMENT OF DAMAGES** on the following interested parties in this action in the manner set forth below:

> Rachel Warren
> Payne & Fears, LLP
> 4 Park Plaza #1100
> Irvine, CA. 92614

[X] BY U.S. REGULAR MAIL: I placed a true copy of the above-named document enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Garden Grove, California, addressed as noted above. (C.C.P. §1013(a)). I am "readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Garden Grove, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] OVERNIGHT DELIVERY: I caused a true copy of each documents, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by FEDERAL EXPRESS. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of THE LAW OFFICE OF MICHAEL LEE GILMORE's business practice, the documents (s) described above will be deposited in a box regularly maintained by FEDERAL EXPRESS. (C.C.P. §1013(c)).

[ ] DELIVERY SERVICE: I placed a true copy of the above named document(s) enclosed in a sealed envelope and caused such envelope to be delivered to the person named thereon at the office of the addressees named above by an authorized employee of ORANGE COURIER.

[ ] BY PERSONAL SERVICE: I delivered each such documents by hand to each addressee named above.

[ ] BY FACSIMILE: By use of facsimile machine, telephone number 714-750-1884, I served a copy of the within document (s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error and the transmission report was properly issued by the transmitting facsimile machine. (C.C.P. §1013(e)).

I declare under penalty of perjury under the laws of the State of California that the above  is true and correct. Executed on June *16*, 2011 at Garden Grove, California.

MICHAEL LEE GILMORE

Exhibit *I* Pg *57*

**PROOF OF SERVICE**
*Charlene Lockhart vs. Disney Worldwide Services, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

On June 24, 2011, I served the following document(s) described as

**PETITION AND NOTICE OF REMOVAL OF**
**CIVIL ACTION UNDER 28 U.S.C.**
**§§ 1332 AND 1441**

on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Michael Lee Gilmore, Esq.              Attorneys for Plaintiff
Law Office of Michael Lee Gilmore      CHARLENE LOCKHART
12395 Lewis Street
Suite 201
Garden Grove, California 92840
Telephone:  (714) 750-1766
Facsimile:  (714) 750-1884

☒    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 24, 2011, at Irvine, California.

_____
DARBY KHUONG

4820-8019-1753.1

4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| MARLENE LOCKHART | WALT DISNEY PARKS AND RESORT U.S., INC. |

| Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael Lee Gilmore, Esq.<br>Law Offices of Michael Lee Gilmore<br>12395 Lewis Street, Suite 201<br>Garden Grove, California 92840<br>Telephone (714) 750-1766 | Daniel F. Fears, SBN 110573<br>James R. Moss, Jr., SBN 196725<br>PAYNE & FEARS LLP<br>4 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>Telephone (949) 851-1100 |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** Over $75,000

**CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

EMPLOYMENT CASE REMOVED ON GROUNDS OF DIVERSITY, 28 USC SECTION 1332

**NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS - PERSONAL INJURY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **SACV 11-00953 JST (RNBX)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

: case number(s): _____

RELATED CASES: Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

: case number(s): _____

es are deemed related if a previously filed case and the present case:

l boxes that apply)  [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

UE: (When completing the following information, use an additional sheet if necessary.)

the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
heck here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| y in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
heck here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| y in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| y in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

geles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
and condemnation cases, use the location of the tract of land involved

ATURE OF ATTORNEY (OR PRO PER):   James R. Moss, Jr.     Date  June 24, 2011

e to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
er papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
s used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

atistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |